# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2021

Lyle W. Cayce
Clerk

No. 20-60613
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Matthew Stevens,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-64-3

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Matthew Stevens pleaded guilty, pursuant to a written agreement, to possession with intent to distribute 100 kilograms or more of marijuana and aiding and abetting. The district court held Stevens accountable for 11,211 kilograms of converted drug weight, varied downward from the guidelines

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

range, and sentenced Stevens to 108 months of imprisonment and to five years of supervised release. Stevens has appealed, challenging the district court's drug quantity calculation.

We review the district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error. *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019). The district court's drug quantity calculation is a factual determination that this court will not set aside "unless it was implausible in light of the whole record." *United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2584 (2020).

Stevens argues that the district court erred in calculating the amount of Tetrahydrocannabinol (THC) he was accountable for because the Drug Enforcement Administration's (DEA) test results lacked sufficient indicia of reliability. The DEA's lab reports reflected that the gummies and vape cartridges attributable to Stevens contained mixtures that included THC. The findings of a lab report are generally considered to have sufficient indicia of reliability for consideration at sentencing. *United States v. Dinh*, 920 F.3d 307, 313-14 (5th Cir. 2019). In the absence of rebuttal evidence, the district court was free to extrapolate the drug quantity from the representative samples set forth in the report. *See id.* Further, the district court correctly used the 1:167 converted drug weight ratio that applies to THC to compute the quantity of drugs for which to sentence Stevens. *See United States v. Koss*, 812 F.3d 460, 467-69, 471 (5th Cir. 2016); U.S.S.G. § 2D1.1, comment. (n.8).

Even if we assumed that the district court's drug quantity calculation was in error, the putative error was harmless. The district court was clear about its reason for a downward variance and stated that even if it had erred in the application of the Guidelines or in its calculation, it would have imposed the same sentence. *See United States v. Richardson*, 676 F.3d 491,

No. 20-60613

511 (5th Cir. 2012); *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

AFFIRMED.